Heather Conniff, Esq. (State Bar Number 294153)
hc@shegerianconniff.com
Cortney Shegerian, Esq. (State Bar Number 296457)
cs@shegerianconniff.com
Levon Derkalousdian (State Bar Number 334658)
ld@shegerianconniff.com
Shegerian Conniff LLP
620 Newport Center Drive, Ste 380
Newport Beach, CA 92660
Telephone: (310) 322-7500
e-Fax: (844) 721-5217

Attorneys for Plaintiff,
ASHLEY HERSHEY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEY HERSHEY <br><br> Plaintiff, <br><br> vs. <br><br> LABORATORY CORPORATION OF AMERICA HOLDINGS, ESOTERIX, INC., CHRISTIAN SANCHEZ, and DOES 1 to 100, inclusive, <br><br> Defendants. | Case No.:  2:24-cv-02651 SPG (MAAx) <br><br> The Honorable Sherilyn Peace Garnett Courtroom 5C <br><br> **PLAINTIFF ASHLEY HERSHEY'S NOTICE OF MOTION AND MOTION TO REMAND TO LOS ANGELES COUNTY SUPERIOR COURT PURSUANT TO 28 U.S.C. § 1446(B); MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF HEATHER CONNIFF AND EXHIBITS IN SUPPORT THEREOF** <br><br> *[Filed concurrently with Proposed Order]* <br><br> Action Filed: February 28, 2024 <br> Removed: April 1, 2024 <br><br> Date: June 5, 2024 <br> Time: 1:30 p.m. |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Plaintiff ASHLEY HERSHEY hereby submits this Motion to Remand this action to state court pursuant to 28 U.S.C. § 1446(b). This Motion is scheduled to be heard on May 29, 2024, at 8:30 a.m., in Courtroom 5C of the above-entitled Court, located at 350 West 1st Street, Los Angeles, California 90012, before the Honorable Sherilyn Peace Garnett.

This motion is made pursuant to 28 U.S.C. § 1447(c), on the grounds that Defendant Laboratory Corporation of America Holdings and Esoterix, Inc. ("Defendants") have failed to meet their burden of establishing diversity jurisdiction pursuant to 28 U.S.C. § 1332(d)(4)(A), because Defendants have failed to establish total diversity of citizenship, mandating remand of this action to the Los Angeles County Superior Court.

This motion is made following the meet and confer of counsel pursuant to L.R. 7- 3, which took place on April 23 and April 30, 2024. The parties were not able to resolve the dispute as Defendants did not agree to stipulate to a remand.

This Motion is based upon this Notice, the attached Memorandum of Points and Authorities, the declaration of Levon Derkalousdian, exhibits attached thereto, upon all the pleadings, records and papers on file herein, and upon such further evidence and argument as may be presented at the hearing on this Motion to Remand.


Dated: May 1, 2024                    SHEGERIAN CONNIFF LLP

                                      By: _____
                                          Heather Conniff, Esq.

                                          Attorneys for Plaintiff,
                                          ASHLEY HERSHEY

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

Plaintiff ASHLEY HERSHEY (hereinafter, "Plaintiff") seeks an order remanding this action to Los Angeles Superior Court on the grounds that Defendant LABORATORY CORPORATION OF AMERICA HOLDINGS and ESOTERIX, INC. ("Defendants") removed this matter on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(d).

**Diversity does not exist among the parties in this case. Plaintiff and the individual defendant, Christian Sanchez ("Sanchez"), are both citizens of California. Sanchez was properly served, and his citizenship destroys diversity jurisdiction.** (Declaration of Levon Derkalousdian ("Derkalousdian Decl.," ¶ 3, Exh. 2). Plaintiff met and conferred with Defendants to stipulate to a remand under these circumstances, but Defendants refused.

*Shaw v. Nike Retail Servs.,* 2021 U.S. Dist. LEXIS 129491, (C.D. Cal. July 9, 2021), **is exactly on point with this matter.** In *Shaw,* Defendant removed the case on the basis of diversity jurisdiction, claiming that the Court had diversity jurisdiction because the nondiverse defendant had not yet been served at the time of removal. *Id.* at *2. However, the nondiverse defendant was ultimately served. *Id.* This Court disagreed with the defendant and granted plaintiffs' motion to remand, holding, ***"the lack of complete diversity deprives the Court of subject matter jurisdiction, not the forum defendant rule."*** *Id.* at *3. The Court further held, ***"When evaluating whether diversity exists, a court cannot ignore a defendant's citizenship simply because the defendant has not yet been served."*** *Id.* at *3-4.

The Ninth Circuit "has specifically rejected the contention that § 1441(b) implies that service is the key factor in determining diversity." *Preseau v. Prudential Ins. Co. of Am.*, 591 F.2d 74, 78 (9th Cir. 1979) (discussing its decision in *Clarence E. Morris, Inc. v. Vitek,* 412 F.2d 1174 (9th Cir. 1969). Instead, ***diversity is determined by the "citizenship of any codefendant, joined by the plaintiff in good faith," regardless of whether the defendant has yet been served.*** *Preseau*, 591 F.2d at 79. "Whenever federal jurisdiction

in a removal case depends upon complete diversity, **the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service.**" *Clarence E. Morris, Inc. v. Vitek,* 412 F.2d 1174, 1176 (9th Cir. 1969) (a nonresident defendant cannot remove a nonseparable action if the citizenship of any codefendant, joined by the plaintiff in good faith, destroys complete diversity, regardless of service or nonservice upon the codefendant).

Here, while individual defendant Sanchez had not yet been served at the time of removal, he was properly served on April 11, 2024, within the time for Plaintiff's motion to remand. (Derkalousdian Decl., ¶ 3, Exh. 2). Diversity simply does not exist as both Plaintiff and Sanchez are California citizens.

Accordingly, Defendants have failed to establish complete diversity, and therefore this case must be remanded to the Los Angeles County Superior Court.

## II.   <u>STANDARD OF REVIEW</u>

It is well-established that a federal court cannot reach the merits of any dispute until it confirms its own subject matter jurisdiction. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1983).  In the removal context, a district court must remand a case to state court if, at any time before final judgment, the court determines that it lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). District courts must construe the removal statutes strictly against removal and resolve any uncertainty in favor of remanding the case to state court. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) [the court "resolves all ambiguity in favor of remand"]; *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *Takeda v. Northwestern Nat'l Life Ins. Co.,* 765 F.2d 818 (9th Cir.1985).

The Ninth Circuit has consistently held that "the strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566-567 (internal citation omitted) ["Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance"]. *See, also Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1195 (9th Cir.1988)

["The burden of establishing federal jurisdiction is upon the party seeking removal"]; *Abrego Abrego v. The Dow Chemical Co*., 443 F.3d 676, 684 (9th Cir.2006) (per curiam) [nothing the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"]. As such, any doubts are resolved in favor of remand. *Gaus,* 980 F.2d at 566-567 ["Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance"].

## III.   DEFENDANT FAILS TO MEET ITS BURDEN TO ESTABLISH COMPLETE DIVERSITY.

Diversity jurisdiction requires complete diversity of citizenship, with each plaintiff being a citizen of a different state from each defendant. 28 U.S.C. § 1332(a)(1).

*Shaw v. Nike Retail Servs.,* 2021 U.S. Dist. LEXIS 129491, (C.D. Cal. July 9, 2021), **is exactly on point with this matter.** In *Shaw,* Defendant removed the case on the basis of diversity jurisdiction, claiming that the Court had diversity jurisdiction because the nondiverse defendant had not yet been served at the time of removal. *Id.* at *2. However, the nondiverse defendant was ultimately served. *Id.* This Court disagreed with the defendant and granted plaintiffs' motion to remand, holding, ***"the lack of complete diversity deprives the Court of subject matter jurisdiction, not the forum defendant rule."*** *Id.* at *3. The Court further held, ***"When evaluating whether diversity exists, a court cannot ignore a defendant's citizenship simply because the defendant has not yet been served."*** *Id.* at *3-4.

Defendants site to *Texas Brine Co., L.L.C. v. Am. Arb. Ass'n, Inc.,* 955 F.3d 482 at 486 (5th Cir. 2020) to support its arguments. However, *Texas Brine* is totally different from this case because there, complete diversity existed among the parties and the forum defendant rule had not been invoked since the forum defendants had still not been served. *Id.*

The Ninth Circuit "has specifically rejected the contention that § 1441(b) implies that service is the key factor in determining diversity." *Preaseau v. Prudential Ins. Co. of*

*Am.*, 591 F.2d 74, 78 (9th Cir. 1979) (discussing its decision in *Clarence E. Morris, Inc. v. Vitek,* 412 F.2d 1174 (9th Cir. 1969). Instead***, diversity is determined by the "citizenship of any codefendant, joined by the plaintiff in good faith," regardless of whether the defendant has yet been served.*** *Preaseau*, 591 F.2d at 79. "Whenever federal jurisdiction in a removal case depends upon complete diversity, ***the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service.*** *Clarence E. Morris, Inc. v. Vitek,* 412 F.2d 1174, 1176 (9th Cir. 1969) (a nonresident defendant cannot remove a nonseparable action if the citizenship of any codefendant, joined by the plaintiff in good faith, destroys complete diversity, regardless of service or nonservice upon the codefendant).

Here, Plaintiff's complaint shows there is *no* complete diversity. Plaintiff is a resident of California and so is the individual defendant, Sanchez. (Derkalousdian Decl. ¶ 2, Exh. 1). **Plaintiff properly served Sanchez on April 11, 2024.** (*Id.* at ¶ 3, Exh. 2). As decided in *Shaw,* the lack of complete diversity here deprives this Court of subject matter jurisdiction.

## IV.   <u>CONCLUSION</u>

Based on the foregoing, Defendants are unable to meet the requirements to establish diversity jurisdiction. Accordingly, Plaintiff respectfully prays this Court to grant her motion to remand.


Dated: May 1, 2024           SHEGERIAN CONNIFF LLP


                             By:  _____
                                  Heather Conniff, Esq.

                                  Attorneys for Plaintiff,
                                  ASHLEY HERSHEY

# DECLARATION OF LEVON DERKALOUSDIAN

I, Levon Derkalousdian, declare as follows:

1.   I am an attorney at law duly licensed to practice before this court. I am a Senior Associate at Shegerian Conniff, LLP, attorneys of record for Plaintiff, Ashley Hershey, in the matter *Hershey v. Laboratory Corporation of America Holdings, et al.* I have personal knowledge of the facts set forth herein, and if called as a witness, could and would testify competently thereto.

2.   On February 28, 2024, Plaintiff filed her complaint in Los Angeles Superior Court (Case No. 24STCV05027). The complaint names Defendants Laboratory Corporations of America Holdings, Esoterix, Inc., and Christian Sanchez ("Sanchez"). Plaintiff's complaint pleads that Plaintiff and Sanchez are both citizens of California. Attached hereto as **"Exhibit 1"** is a true and correct copy of Plaintiff's complaint filed in Los Angeles Superior Court (Case No. 24STCV05027).

3.   On April 11, 2024, Plaintiff properly served Sanchez. Attached hereto as **"Exhibit 2"** is a true and correct copy of the Proof of Service of Sanchez.

4.   On April 16, 2024, Plaintiff filed her Proof of Service in Los Angeles Superior Court.

5.   On April 23, 2024, Plaintiff filed her Proof of Service in the United States Central District Court.[1]

6.   On April 23, 2024, I served counsel for Defendants Vannie Zohrabians ("Ms. Zohrabians") a copy of Plaintiff's Proof of Service. I also emailed Ms. Zohrabians about whether Defendants would stipulate to remanding this case since there is no complete diversity amongst the parties. I also attached a recent Order Remanding Case to State Court from Judge Stanley Blumenfeld, Jr. of this Court on another matter I worked on—

---

[1] This Court rejected the filing due to an error with Local Rule 11-3.8 and case number. Plaintiff refiled a corrected Proof of Service on May 1, 2024.

*Mendez v. United Parcel Service, Inc.* I explained to Ms. Zohrabians that in the *Mendez* matter, the defendant removed the case before plaintiff had a chance to serve the forum defendant. Once we served the forum defendant, it destroyed diversity, and the Court remanded the case. Attached hereto as **"Exhibit 3"** is a true and correct copy of the correspondence with Ms. Zohrabians. Attached hereto as **"Exhibit 4"** is the Order Remanding Case to State Court from Judge Stanley Blumenfeld, Jr. in the *Mendez* matter I attached to my email to Ms. Zohrabians.

7. On April 30, 2024, I spoke with Ms. Zohrabians who communicated Defendants would not stipulate to a remand.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on this 1st day of May, 2024, in Los Angeles, California.


_____
Levon Derkalousdian

EXHIBIT 1

Heather Conniff, Esq. (State Bar Number 294153)
hc@shegerianconniff.com
Cortney Shegerian, Esq. (State Bar Number 296457)
cs@shegerianconniff.com
Levon Derkalousdian (State Bar Number 334658)
ld@shegerianconniff.com
Shegerian Conniff LLP
620 Newport Center Drive, Suite 380
Newport Beach, California 92660
Telephone: (310) 322-7500
e-Fax: (844) 721-5217

Attorneys for Plaintiff,
ASHLEY HERSHEY

Electronically FILED by
Superior Court of California,
County of Los Angeles
2/28/2024 2:36 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By E. Galicia, Deputy Clerk

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

ASHLEY HERSHEY,

    Plaintiff,

vs.

LABORATORY CORPORATION OF AMERICA HOLDINGS, ESOTERIX, INC., CHRISTIAN SANCHEZ, and DOES 1 to 100, inclusive,

    Defendants.

Case No.: 24STCV05027

**PLAINTIFF ASHLEY HERSHEY'S COMPLAINT FOR DAMAGES FOR:**

**(1) DISCRIMINATION ON THE BASIS OF SEX/GENDER IN VIOLATION OF FEHA;**

**(2) SEXUAL HARASSMENT IN VIOLATION OF FEHA;**

**(3) RETALIATION FOR COMPLAINING OF DISCRIMINATION AND/OR HARASSMENT ON THE BASIS OF SEX/GENDER IN VIOLATION OF FEHA;**

**(4) FAILURE TO PREVENT DISCRIMINATION, HARASSMENT, AND RETALIATION IN VIOLATION OF FEHA;**

**(5) NEGLIGENT HIRING, SUPERVISION, AND RETENTION;**

**(6) VIOLATION OF LABOR CODE § 1102.5;**

**(7) WRONGFUL CONSTRUCTIVE**

|  |  |
|---|---|
| ) | **TERMINATION OF EMPLOYMENT IN VIOLATION OF PUBLIC POLICY (LABOR CODE § 1102.5, FEHA);** |
| ) | |
| ) | |
| ) | |
| ) | **(8) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;** |
| ) | |
| ) | **DEMAND FOR JURY TRIAL** |
| ) | |

Plaintiff, ASHLEY HERSHEY, alleges, on the basis of personal knowledge and/or information and belief:

## SUMMARY

This is an action by plaintiff, ASHLEY HERSHEY ("plaintiff" or "MENDEZ"), whose employment with defendants LABORATORY CORPORATION OF AMERICA HOLDINGS ("LABCORP") and ESOTERIX, INC. ("ESOTERIX") (collectively "Defendants") was wrongfully constructively terminated. Plaintiff brings this action against defendants for economic, non-economic, compensatory and punitive damages, pursuant to Civil Code section 3294, pre-judgment interest pursuant to Code of Civil Procedure section 3291, costs, and reasonable attorneys' fees pursuant to Government Code section 12965(b) and Code of Civil Procedure section 1021.5.

## PARTIES

1. *Plaintiff:* ASHLEY HERSHEY is, and at all times mentioned in this Complaint was, a resident of the County of Los Angeles, California.

2. *Defendants:* Defendants ESOTERIX and LABCORP are, and at all times mentioned in this Complaint were, authorized to operate by the State of California and the United States government and authorized and qualified to do business in the County of Los Angeles. Defendants' place of business, where the following causes of action took place, was and is in the County of Los Angeles. Defendant CHRISTIAN SANCHEZ

("defendant" or "SANCHEZ") is, and at all times mentioned in this Complaint was, a resident of Los Angeles, California.

3.   *Doe defendants:*  Defendants Does 1 through 100 are sued under fictitious names pursuant to Code of Civil Procedure section 474.  Plaintiff is informed and believes, and on that basis alleges, that each of the defendants sued under fictitious names is in some manner responsible for the wrongs and damages alleged below, in so acting was functioning as the agent, servant, partner, and employee of the co-defendants, and in taking the actions mentioned below was acting within the course and scope of his or her authority as such agent, servant, partner, and employee, with the permission and consent of the co-defendants. The named defendants and Doe defendants are sometimes hereafter referred to, collectively and/or individually, as "defendants."

4.   *Relationship of defendants:*  All defendants compelled, coerced, aided, and/or abetted the discrimination, retaliation, and harassment alleged in this Complaint, which conduct is prohibited under California Government Code section 12940(i).  All defendants were responsible for the events and damages alleged herein, including on the following bases:  (a) defendants committed the acts alleged; (b) at all relevant times, one or more of the defendants was the agent or employee, and/or acted under the control or supervision of, one or more of the remaining defendants and, in doing the acts alleged, acted within the course and scope of such agency and employment and/or is or are otherwise liable for plaintiff's damages; (c) at all relevant times, there existed a unity of ownership and interest between two or more of the defendants such that any individuality and separateness between those defendants has ceased, and defendants are the alter egos of one another. Defendants exercised domination and control over one another to such an extent that any individuality or separateness of defendants does not, and at all times herein mentioned did not, exist.  Adherence to the fiction of the separate existence of defendants would permit abuse of the corporate privilege and would sanction fraud and promote injustice.  All actions of all defendants were taken by employees, supervisors, executives, officers, and directors during employment with all defendants, were taken on behalf of all defendants,

and were engaged in, authorized, ratified, and approved of by all other defendants.

5.   Defendants directly and indirectly employed plaintiff, as defined under the Fair Employment and Housing Act ("FEHA") at Government Code section 12926(d).

6.   Finally, at all relevant times mentioned herein, all defendants acted as agents of all other defendants in committing the acts alleged herein.

## FACTS COMMON TO ALL CAUSES OF ACTION

7.   *Plaintiff's hiring and job performance:*

a.   Hershey was hired by Labcorp/Esoterix and began her employment on September 6, 2022, as a Clinical Lab Technician II in the Rheumatology department.

b.   Due to her strong work ethic, she was promoted to Clinical Lab Technician III at the end of September 2023.

c.   Hershey primarily reported to Michael Nappi ("Nappi"), manager of the Rheumatology department, and Angel Gonzales, supervisor of the Rheumatology department.

d.   On November 15, 2022, Hershey expressed her interest in becoming a Research Associate the Mass Spectrometry ("Mass Spec") department to Nappi. She had a master's degree in this field where she specifically learned how to operate machines in Mass Spec.

e.   Nappi then spoke to the Director of Mass Spec, Brett Holmquist ("Holmquist"), and Manager of the Mass Spec/Steroids department, Ramon Perez ("Perez"), about Hershey's desire to begin working in Mass Spec as a Research Associate.

f.   On November 23, 2022, Hershey began shadowing employees in Mass Spec.

g.   On February 11, 2023, Hershey began her online training for the Research Associate position in Mass Spec after reiterating her interest to Nappi. Nappi encouraged her to begin training so that she met all the requirements when the position eventually opened up.

h.   On March 8, 2023, Hershey began her three-week, in-person training in Mass

Spec.

       i.  Since March 2023, Hershey's schedule changed as follows: Sunday through Wednesdays in Rheumatology and Thursdays in Mass Spec.

       j.  Hershey efficiently balanced her work in both departments and kept striving towards her ultimate goal of securing the Research Associate position once it opened up. Hershey was an exemplary employee and never had any verbal or written reprimands.

    8.  *Plaintiff's protected status and activity:*

       a.  Plaintiff is a female.

       b.  Plaintiff made good-faith complaints of discrimination and harassment.

    9.  *Defendants' adverse employment actions and wrongful constructive termination of Plaintiff's employment:*

       a.  Unfortunately, Hershey soon began to face severe and pervasive sexual harassment from Associate Chemist, Christian Sanchez ("Sanchez"), who primarily worked in the Mass Spec department.

       b.  In December 2022, Hershey met Sanchez when he came into the lab, started talking to her, and immediately asked for her phone number. Hershey figured he asked for her number to communicate about work-related matters. Their text messages started off as quick, cordial exchanges in a group chat, which were primarily about work. Hershey wanted to be on good terms, as Sanchez worked in Mass Spec and was friends with Holmquist and Perez.

       c.  Around March 2023, Sanchez was on leave for an injury, and when he returned to work in April 2023, he began working with Hershey while she was training in Mass Spec.

       d.  **Sanchez started sending Hershey endless videos on Instagram, none of which she responded to. He also constantly asked Hershey to talk on the phone. He incessantly began texting her even when she didn't respond.**  Hershey felt like his actions were starting to cross a line, but she remained polite because she was afraid of putting her promotion as risk.

e.   At work, Sanchez repeatedly asked Hershey out, which made her feel extremely uncomfortable and anxious. Sanchez made comments like:

- ***"Do you want to go to a bar and get a drink or do you want to grab dinner on your day off?"***

- ***"I know you don't want to date right now, but I feel like we should hang out in the meantime because you might eventually get there."***

- Sanchez also constantly asked Hershey out to lunch while he tried to lure her in his car, making comments like, ***"Let's go pick up food together. I can drive us."***

f.   Hershey rebuffed his advances each time, but Sanchez continued to pursue her.

g.   Sanchez also bragged to others that he wanted to take Hershey out on a date. For example, he told Hershey's coworker, Olivia Tan ("Tan"), ***"Yeah, [Hershey] just wants to be friends, but we'll see if she eventually goes on a date with me."*** These comments Sanchez made about Hershey to coworkers made Hershey feel embarrassed and uneasy.

h.   ***Sanchez repeatedly insisted on walking Hershey to her car, despite her protests.*** He approached Hershey shortly before her shift ended and made comments like ***"When are you leaving so I can walk you out to your car."*** Hershey always told him she did not need him to walk her.

i.   ***Sanchez also rubbed Hershey's shoulders every time he was near her or spoke to her.*** He touched her the entire time he was talking to her, forcing Hershey to pull away.

j.   ***Sanchez also repeatedly touched Hershey's hands and lingered until she was forced to snatch her hand out of his grasp*** and tell him she needed to get back to work.

k.   Any time Sanchez was around Hershey or spoke to her, ***he got uncomfortably close to her, invading her space.***

l.    On April 20, 2023, Hershey had been sitting at one of the tables towards the corner when Sanchez came up behind her. *He grabbed Hershey's face with both hands and leaned over to the side, hovering over her. One hand was placed sternly on top of her head, while the other under her chin.* She was cornered by Sanchez and the machine and was unable to move. *Her face still grasped tightly in Sanchez's hands, she fearfully and hysterically asked him what he was doing. Sanchez then lunged towards her face*, *puckering his lips and aiming towards hers.* It took all of Hershey's efforts to move just enough to avoid being kissed directly on the lips, *but Sanchez ended up kissing her on the cheek.* Hershey jumped in her seat. She was horrified, shocked, and could barely contain her anxiety as her heart was racing. Sanchez responded as he laughed, *"Just relax, I wasn't going to kiss your lips."* If Hershey had not managed to quickly react and maneuver her face to the side, Sanchez was heading straight towards her lips. She sternly told Sanchez not to touch her. Overwhelmed with emotions and anxiety, Hershey left the room to gather herself and calm down.

m.    Later that night, when no one was around, Hershey and Sanchez were working on machines next to each other. Sanchez asked Hershey how she was doing, and she said she was stressed. *Sanchez then slid his hand through the holes on the side of her lab coat, up and under her shirt, and started rubbing her bare back.* Hershey realized Sanchez had reached in her lab coat and under her shirt when she suddenly felt his cold hand move against her bare back. She immediately lunged her body forward and asked in disbelief what he was doing. Sanchez responded, *"Relax, I'm helping you destress."* Hershey sternly told him to not touch her and physically grabbed his hands out of her shirt and walked away from him. Hershey felt violated and suffered a panic attack, taking deep breaths to calm down.

n.    Hershey sent a text message to Sanchez once she returned home from work, which was around midnight. She told him she's not a very touchy-feely person and that being touched makes her overwhelmed. Sanchez responded with, *"So I've been actively making it worse."* Clearly, Sanchez knew exactly what he was doing. He continued,

-7-

***"Which is the last thing I want to be doing to you, so I'm assuming you want me to stop with it? By all means I will, I'm sorry if I just been stressing you out more."*** Hershey was worried to come off rude, afraid Sanchez may retaliate, but she reiterated that she does not like being touched and was very overwhelmed by what he did to her. Sanchez asked Hershey to talk on the phone after her text. Hershey was hesitant but wanted to make sure Sanchez knew she needed him to stop bothering her. She again emphasized that he made her uncomfortable and needed him to stop touching her and asking her out.

      o.   On or about April 25, 2023, Perez asked Hershey to take on more shifts in Mass Spec once she had completed her training. Despite her strong desire to be a part of the department, Hershey was forced to decline these extra shifts because she could not fathom spending more time alongside Sanchez.

      p.   Shortly after Hershey confronted Sanchez about his unwelcome advances and unwanted touching, she approached Nappi to inform him that Perez asked her to take on more shifts in Mass Spec, but that she did not want to***. Hershey complained to Nappi the reason was because Sanchez was sexually harassing her daily and it made her feel extremely uncomfortable working with him.*** She explained the harassment she endured and also informed Holmquist about the text message she sent Sanchez.

      q.   Feeling immensely overwhelmed and distressed from Sanchez's harassment, Hershey asked Nappi to be removed from Mass Spec for that week. Hershey was also afraid that Sanchez would retaliate against her or worse, harm her.

      r.   Nappi informed Hershey he was going to ask Perez to stop asking her to take on extra shifts in the Mass Spec department and speak to Sanchez about the inappropriate behavior. Nappi later informed Hershey that he spoke with Holmquist, and then he requested the screenshot of the text Hershey sent Sanchez.

      s.   Hershey sent Nappi the screenshots of the text she sent to Sanchez. At this point, Nappi, Holmquist, and Perez were all aware of Sanchez's sexual harassment towards Hershey. ***Despite this, when Hershey returned to Mass Spec the following Thursday, she still had to work with Sanchez. Sanchez was not removed from Mass Spec***

*or given different hours. Additionally, her complaints were not reported to Human Resources (HR).*

     t.  What's worse, Sanchez continued to harass Hershey, saying things like, ***"Well, you know we can go grab a drink one night."*** Hershey was extremely distressed and disappointed that Nappi nor Holmquist did not do anything to remedy the harassment.

     u.  In or about June or July 2023, ***after Hershey's complaints, Sanchez went around the lab telling his entire department that he was happy because he received a raise from Holmquist.*** Hershey was shocked and felt hopeless that her harasser was being rewarded despite her complaints.

     v.  On June 26, 2023, Hershey received notification that the Research Associate position in Mass Spec was posted. Hershey emailed Holmquist that she was still interested in applying for the position because she had worked hard to receive the promotion.

     w.  On August 28, 2023, Hershey was interviewed by Holmquist. Holmquist went over the job duties of the position and hours but didn't ask Hershey any interview questions. He informed Hershey they were also interviewing someone else, a male employee named Thomas Muanar ("Muanar"), and would get back to her.

     x.  Meanwhile, ***Sanchez continued to harass Hershey daily.*** His behavior became even more intolerable, as he was getting more argumentative, snapping at her, and asking her out every single time he saw her. He continued making comments such as:

- ***"We can go here to get a drink."***
- ***"Can I walk you to your car?"***
- ***"Let's go get lunch together on break."***
- ***"I'll take a day off of work so that we could hang out."***
- ***"I could take a day off work and we can get dinner together"***
- ***"Hey, let's get a drink on one of your days off."***

     y.  Sanchez refused to take no for an answer. He got angry, aggressive, and raised his voice every time Hershey rejected him, stating, ***"Why are you putting off hanging out or saying no?"*** He continued bombarding her, asking ***"So when are you not***

*busy?"* Hershey made excuse after excuse, and Sanchez persisted, saying, ***"Okay so we can do something after the new year."*** When Hershey said she might be busy, he raised his voice in frustration and exclaimed, ***"You're the one who said you will be free after the new year so I don't know why you can't just pencil me in!"***

z. ***Around early September, Hershey again continued to complain to Nappi about Sanchez's ongoing sexual harassment.*** She approached Nappi and expressed that she couldn't put up with the sexual harassment anymore, and that she could not continue working with Sanchez. She also complained that nothing was done to remedy the harassment. Nappi simply told her he would speak with Holmquist.

aa. Without trying to find a remedy for Hershey, and still failing to report her complaints to HR, Holmquist was quick to agree to remove Hershey from the department. ***Holmquist told Hershey that if she could not work around Sanchez, then she would no longer eligible for the Research Associate position in Mass Spec.*** Hershey was shocked, disappointed, and extremely upset that she was being punished for reporting Sanchez.

bb. ***Holmquist then chose a less qualified man, Muanar, over Hershey for the promotion in Mass Spec.*** Muanar did not have a master's degree like Hershey did.

cc. ***On December 14, 2023, Sanchez continued to harass Hershey.*** He gave a highly personal gift to Hershey – a picture of her dog embroidered on a hoodie. Hershey had mentioned her dog to him on one occasion and felt as though this gift was extremely invasive and creepy. In shock and wanting the awkward encounter to end as quickly as possible, she took the hoodie, and put it in her locker. With Sanchez's tendency to get aggressive, Hershey didn't want to escalate the situation and found it best to be cordial and polite. Hershey's coworker, Daniel Carpenter ("Carpenter"), witnessed the exchange and Hershey opened up to Carpenter about the sexual harassment she endured from Sanchez.

dd. ***Hershey opened up to her coworkers about the harassment she suffered from and learned of several Me-Too victims who were similarly harassed by Sanchez in the past: Hannah Kirby ("Kirby"), Olivia Tan ("Tan"), and Alyssa Calabrese***

*("Calabrese").*

ee.   Me-Too victim Kirby faced nonstop sexual harassment from Sanchez during her time at Labcorp/Esoterix. Exactly like he did to Hershey, ***Sanchez rubbed Kirby's shoulders almost every time they worked together.*** Additionally, ***Sanchez repeatedly pulled Kirby's hair, always asked Kirby out, constantly tried to lure her to his car, invaded her personal space, consistently commented on her hair and appearance, and bought her a gift.***

ff.   Importantly, ***Me-Too victim Kirby complained to supervisor Debra Lazaro ("Lazaro") and Director My-Tuyen Trieu ("Trieu") about the sexual harassment she experienced from Sanchez in or about the end of May 2021. Lazaro and Trieu failed to report her complaints to HR and no remedial measures were taken.***

gg.   Additionally, ***Me-Too victim Calabrese complained of sexual harassment against Sanchez to Lazaro and Trieu back in 2022. No remedial measures were taken.***

hh.   In a text exchange with Hershey, Me-Too victim Calabrese recalled her experiences with Sanchez's sexual harassment and wrote, ***"Wow, I am absolutely disgusted to hear this is STILL going on with Christian [Sanchez]."*** Calabrese explained that although she never filed a report herself, others did on her behalf. Christian's supervisor at the time and Calabrese's supervisor, Carolina, had taken her into a room and then took her statement about Sanchez. Calabrese informed Hershey, ***"They said they were going to launch the HR investigation the following week...but of course never did. Even then there was a list of girls! Not just me. Why [the fuck] won't they fire him[?] I am sick."*** Hershey was shocked to learn that other women had complained before her, yet she still fell victim to his sexual harassment.

ii.   Further, ***Me-Too victim Tan complained of sexual harassment against Sanchez to HR before Hershey even started her employment with Labcorp/Esoterix.*** No remedial measures were taken.

jj.   Despite a long history of Labcorp/Esoterix knowing about Sanchez's sexual harassment towards woman, they failed to take any remedial measures whatsoever.

kk.   On or about December 18, 2023, Hershey was distraught when she found out about another Me-Too victim, Brenda Ceballos ("Ceballos"), who had faced sexual harassment by another male employee at Labcorp/Esoterix, Manhal Sako ("Sako"). Sako was also known for making the female employees at Labcorp/Esoterix uncomfortable. He made comments to Ceballos, such as:

- *"You are the most gorgeous woman I've ever seen."*
- *"I'm a chiropractor, you should stop by my office. I'll give you free treatments."*
- *"I'm very good with my hands."*

ll.   Hershey was shocked to hear that Labcorp/Esoterix employed yet another man who was sexually harassing women. She immediately sympathized with Ceballos and approached her to comfort her and offer support. Hershey told Ceballos that there are several women dealing with sexual harassment and encouraged her to complain to HR with her. Ceballos was hesitant, afraid, and embarrassed to open up about the sexual harassment she endured. Thinking that this was never going to end, Hershey told Ceballos that if she wasn't going to complain, that she would on her behalf.

mm.   On December 19, 2023, after Hershey's supervisors failed to escalate her complaints and when Hershey realized Labcorp/Esoterix's complicity in Sanchez's known sexual harassment—as well as the overall culture of fostering sexual harassment in the workplace—she file a complaint herself on the HR portal. Hershey also complained on behalf of Ceballos.

nn.   On December 22, 2023, Alia Wheeler ("Wheeler"), Senior Employee Relations Partner, contacted Hershey regarding her complaint. One of the first questions Wheeler asked Hershey was why she took the hoodie from Sanchez. Wheeler told Hershey, *"Well, you know, girl to girl, it could look like you're leading him on, and you shouldn't have taken it."* When Hershey explained that she wanted to get out of the situation as fast as possible and didn't want to argue with him about not taking it, Wheeler responded, *"Well, it doesn't matter, it looks like you're leading him on."*

oo.  Hershey felt uneasy and disappointed that Wheeler victim-blamed her. Hershey was so taken aback by Wheeler's biased and unsupportive remarks and explained the harassment she endured and that nothing was done when she repeatedly complained to Nappi and Holmquist about it. She further explained how other women were also victim to sexual harassment.

pp.  Wheeler then told Hershey to not speak to anyone and that there would be an investigation.

qq.  Following Hershey's complaints to Wheeler, *Holmquist began giving Hershey death stares every single time he saw her in the hallways and Hershey constantly felt that she was being watched.*

rr.  After speaking with Wheeler, up until the end of December 2023, Hershey still had not heard anything from HR about the supposed investigation.

ss.  On or about January 10, 2023, *Me-Too victim Tan spoke with Wheeler and complained that she was subjected to sexual harassment from Sanchez as well, which she had complained about years prior.*  When Tan complained that there were multiple other women similarly harassed by Sanchez, Wheeler stated, *"We can't talk about other girls, let's just focus on your story."* However, Wheeler proceeded to contradict her own statement by asking Tan about Hershey. *Wheeler asked classic victim-blaming type questions to Tan about Hershey, such as if Hershey ever said "no" to Sanchez, if Hershey was "leading" Sanchez on, and what Hershey's "body language" was like when she spoke to him.*

tt.  Tan informed Hershey regarding the investigation, *"Ugh so long overdue."* She added, *"HR isn't looking out for you guys, they're looking out for the company."*

uu.  Additionally, Holmquist complained to Tan that, *"A wannabe social justice warrior who hates men working in the lab is making complaints." Holmquist was talking about Hershey and his tone was annoyed, mocking, and angry.*

vv.  When Hershey learned about Holmquist's sexist comment, it made her feel small and afraid, and confirmed her fears that Holmquist's sudden hostility toward her

was because she complained about Sanchez, who was Holmquist's friend. Sanchez had told Hershey in private that he was very close with Holmquist. They played video games together all the time and used to get drinks together until they were told it wasn't allowed. Sanchez disclosed to Hershey that they continue to hang out all the time and that this is not known amongst their colleagues.

ww.   Hershey's anxiety at work was at an all-time high, ***especially because HR still had not contacted her about the status of the investigation.*** She dreaded going into work and felt unwelcome. She was constantly looking over her shoulder and always felt uneasy. Hershey was trapped - she couldn't stand being at Labcorp/Esoterix any second longer but could not afford to quit without landing another job.

xx.   As a result, Hershey began looking for work and luckily ***found a job for the very same position she was denied by Labcorp/Esoterix.*** She immediately resigned on January 11, 2024, stating:

> *I am writing to inform you of my resignation from my position as Laboratory Technician III, effective today.  Since I suffered from the sexual harassment at the hands of Christian Sanchez, it has severely impacted my mental health and I haven't felt comfortable at work since. After putting in the time and hard work to progress to my desired position of R&D in the mass spectrometry department, I felt that I have lost that opportunity to grow after I made the complaint about Christian Sanchez. Brett Holmquist specifically informed me that I would no longer qualify for the position after transferring, which I had to in order to protect myself from Christian. Additionally, over the past few months following my original complaint of sexual harassment, I have felt unwelcomed in many regards within the workplace. Despite my will to push through many uncomfortable situations, I have ultimately decided it is necessary for my personal, mental, and professional well-being to formally give my resignation. I cannot be in the workplace anymore as*

*it constantly reminds me of the harassment I suffered and the opportunities that were taken away from me. I wanted to resign sooner but was unable to because I could not afford to quit. After actively applying, I finally found another opportunity for the very same position I was denied at Labcorp. Accordingly, I feel I have no choice but to resign and hope that Labcorp does more to protect women from sexual harassment and ensure they are not jeopardizing their entire career by coming forward.*

yy.   Hershey suffers from severe emotional distress as a result of Sanchez's sexual harassment and Labcorp/Esoterix's repeated complicity in allowing sexual harassment to run rampant in the workplace. She developed severe anxiety since Sanchez began sexually harassing her. She felt betrayed, used, and hopeless when her complaints were not addressed and she was deprived an opportunity for a promotion she worked so hard for.

zz.   Hershey started therapy on or about May 9, 2023, due to Sanchez's sexual harassment. She was prescribed 20 mg of Fluoxetine to help treat her symptoms as a result. Hershey continues to go to therapy once a week to help her overcome the trauma she endured at Labcorp/Esoterix.

10.   *Economic damages:*   As a consequence of defendants' conduct, plaintiff has suffered and will suffer harm, including lost past and future income and employment benefits, damage to her career, and lost wages, overtime, unpaid expenses, and penalties, as well as interest on unpaid wages at the legal rate from and after each payday on which those wages should have been paid, in a sum to be proven at trial.

11.   *Non-economic damages:*   As a consequence of defendants' conduct, plaintiff has suffered and will suffer psychological and emotional distress, humiliation, and mental and physical pain and anguish, in a sum to be proven at trial.

12.   *Punitive damages:*   Defendants' conduct constitutes oppression, fraud, and/or malice under California Civil Code section 3294, so as to entitle plaintiff to an award of exemplary/punitive damages.

a. *Malice:*  Defendants' conduct was committed with malice within the meaning of California Civil Code section 3294, including that (a) defendants acted with intent to cause injury to plaintiff and/or acted with reckless disregard for plaintiff's injury, including by constructively terminating plaintiff's employment and/or taking other adverse job action against plaintiff because of plaintiff's sex/gender and/or good faith complaints, and/or (b) defendants' conduct was despicable and committed in willful and conscious disregard of plaintiff's rights, health, and safety, including plaintiff's right to be free of discrimination, harassment, retaliation, and wrongful constructive employment termination.

b. *Oppression:*  In addition, and/or alternatively, defendants' conduct was committed with oppression within the meaning of California Civil Code section 3294, including that defendants' actions against plaintiff because of plaintiff's sex/gender, and/or good faith complaints was "despicable" and subjected plaintiff to cruel and unjust hardship, in knowing disregard of plaintiff's rights to a work place free of discrimination, harassment, retaliation, and wrongful constructive employment termination.

c. *Fraud:*  In addition, and/or alternatively, defendants' conduct, as alleged, was fraudulent within the meaning of California Civil Code section 3294, including that defendants asserted false (pretextual) grounds for terminating plaintiff's employment and/or other adverse job actions, thereby to cause plaintiff hardship and deprive plaintiff of legal rights.

13. *Attorneys' fees:*  Plaintiff has incurred and continues to incur legal expenses and attorneys' fees.

14. *Exhaustion of administrative remedies:*  Prior to filing this action, plaintiff exhausted her administrative remedies by filing a timely administrative complaint with the Department of Fair Employment and Housing ("DFEH") and receiving a DFEH right-to-sue letter.

///

///

# FIRST CAUSE OF ACTION

## Violation of FEHA (Government § 12900, *et seq.*)

## (Discrimination on the Basis of Sex/ Gender)—

## Against Defendants LABCORP, ESOTERIX, and

## Does 1 to 100, Inclusive

15.   The allegations set forth in paragraphs 1 through 14 are re-alleged and incorporated herein by reference.

16.   Plaintiff's sex/gender, and/or other characteristics protected by FEHA, Government Code section 12900, *et seq.,* were motivating factors in defendants' decision to constructively terminate plaintiff's employment, not to retain, hire, promote, or otherwise employ plaintiff in any position, and/or to take other adverse job actions against plaintiff.

17.   Defendants' conduct, as alleged, violated FEHA, Government Code section 12900, *et seq.,* and defendants committed unlawful employment practices, including by the following, separate bases for liability:

   a.   Discharging, barring, refusing to transfer, retain, hire, promote, select, and/or employ, and/or otherwise discriminating against plaintiff, in whole or in part on the basis of plaintiff's sex/gender, and/or other protected characteristics, in violation of Government Code section 12940(a);

   b.   Failing to take all reasonable steps to prevent discrimination, harassment, and/or retaliation based on sex/gender, in violation of Government Code section 12940(k).

18.   As a proximate result of defendants' willful, knowing, and intentional discrimination against plaintiff, plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

19.   As a proximate result of defendants' willful, knowing, and intentional discrimination against plaintiff, plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to her damage in a sum according to proof.

20.   Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

21.   Defendants' misconduct was committed intentionally, in a malicious, despicable, oppressive, and fraudulent manner, entitling plaintiff to punitive damages against defendants.

**SECOND CAUSE OF ACTION**

**Violation of FEHA (Government § 12900, *et seq.*)**

**(Sexual Harassment in Violation of FEHA)—**

**Against All Defendants, and Does 1 to 100, Inclusive**

22.   The allegations set forth in paragraphs 1 through 21 are re-alleged and incorporated herein by reference.

23.   Defendants' conduct, as alleged, violated FEHA, Government Code section 12900, *et seq.,* and defendants committed unlawful employment practices, including by the following, separate bases for liability:

a.   Harassing plaintiff and/or creating a hostile work environment, in whole or in part on the basis of plaintiff's sex/gender, and/or other protected characteristics, in violation of Government Code section 12940(j);

b.   Failing to take all reasonable steps to prevent discrimination, harassment, and/or retaliation based on sex, in violation of Government Code section 12940(k).

24.   As a proximate result of defendants' willful, knowing, and intentional harassment of plaintiff, plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

25.   As a proximate result of defendants' willful, knowing, and intentional harassment of plaintiff, plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to her damage in a sum according to proof.

26.   Plaintiff has incurred and continues to incur legal expenses and attorneys' fees.

Pursuant to Government Code section 12965(b), plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

27.   Defendants' misconduct was committed intentionally, in a malicious, despicable, oppressive, and fraudulent manner, entitling plaintiff to punitive damages against defendants.

**THIRD CAUSE OF ACTION**

**Violation of FEHA (Government § 12900, *et seq.*)**

**(Retaliation for Complaining of Discrimination and/or**

**Harassment on the Basis of Sex/ Gender)—**

**Against Defendants LABCORP, ESOTERIX,**

**and Does 1 to 100, Inclusive**

28.   The allegations set forth in paragraphs 1 through 27 are re-alleged and incorporated herein by reference.

29.   Plaintiff's sex/gender and/or other characteristics protected by FEHA, Government Code section 12900, *et seq.,* were motivating factors in defendants' decision to terminate plaintiff's employment, not to retain, hire, promote, or otherwise employ plaintiff in any position, and/or to take other adverse job actions against plaintiff.

30.   Defendants' conduct, as alleged, violated FEHA, Government Code section 12900, *et seq.,* and defendants committed unlawful employment practices, including by the following, separate bases for liability:

a.   Discharging, barring, refusing to transfer, retain, hire, promote, select, and/or employ, and/or otherwise discriminating against plaintiff, in whole or in part on the basis of plaintiff's sex, and/or other protected characteristics, in violation of Government Code section 12940(a);

b.   Harassing plaintiff and/or creating a hostile work environment, in whole or in part on the basis of plaintiff's sex, and/or other protected characteristics, in violation of Government Code section 12940(j);

c.   Failing to take all reasonable steps to prevent discrimination, harassment,

and/or retaliation based on sex, in violation of Government Code section 12940(k);

31.  As a proximate result of defendants' willful, knowing, and intentional discrimination against plaintiff, plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

32.  As a proximate result of defendants' willful, knowing, and intentional discrimination against plaintiff, plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to her damage in a sum according to proof.

33.  Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

34.  Defendants' misconduct was committed intentionally, in a malicious, despicable, oppressive, and fraudulent manner, entitling plaintiff to punitive damages against defendants.

## FOURTH CAUSE OF ACTION
### Violation of FEHA (Government Code § 12940(k)
### (Failure to Prevent Discrimination, Harassment, and Retaliation)—
### Against Defendants LABCORP, ESOTERIX, and Does 1 to 100, Inclusive

35.  The allegations set forth in paragraphs 1 through 34 are re-alleged and incorporated herein by reference.

36.  At all times herein mentioned, FEHA, Government Code section 12940(k), was in full force and effect and was binding on defendants. This statute states that it is an unlawful employment practice in California for an employer "to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring."  Prior to filing the instant Complaint, plaintiff filed a timely administrative charge with the DFEH and received a right-to-sue letter.

37.  During the course of plaintiff's employment, defendants failed to prevent their

employees from engaging in intentional actions that resulted in plaintiff's being treated less favorably because of plaintiff's protected status (*i.e.,* her sex, gender, and/or good faith complaints).   During the course of plaintiff's employment, defendants failed to prevent their employees from engaging in unjustified employment practices against employees in such protected classes.   During the course of plaintiff's employment, defendants failed to prevent a pattern and practice by their employees of intentional discrimination and harassment on the bases of sex, gender, and/or other protected statuses or protected activities.

38.   Plaintiff believes and on that basis alleges that her sex, gender, and/or good faith complaints, and/or other protected status and/or protected activity were substantial motivating factors in defendants' employees' discrimination and retaliation against her.

39.   As a proximate result of defendants' willful, knowing, and intentional misconduct, plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

40.   As a proximate result of defendants' willful, knowing, and intentional misconduct, plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to her damage in a sum according to proof.

41.   Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

42.   Defendants' misconduct was committed intentionally, in a malicious, despicable, oppressive manner, entitling plaintiff to punitive damages against defendants.

### FIFTH CAUSE OF ACTION

**Negligent Hiring, Supervision, and Retention—**

**Against Defendants LABCORP, ESOTERIX,**

**and Does 1 to 100, Inclusive**

43.   The allegations set forth in paragraphs 1 through 42 are re-alleged and incorpo-

rated herein by reference.

44.   Defendants owed a duty of care to plaintiff to appoint, hire, retain, and supervise persons who would not engage in retaliatory, harassing, or discriminatory conduct. Defendants owed a duty of care to plaintiff not to retain managers or employees who would discriminate against, harass, or retaliate against employees for engaging in protected activities.  Defendants owed a duty of care to plaintiff to supervise their managers and employees closely to ensure that they would refrain from harassing and retaliating against plaintiff.

45.   Defendants breached these duties.  As a result, defendants caused damages to plaintiff.  As a proximate result of defendants' negligent hiring, retention, and supervision of their managers and employees, plaintiff has suffered and continues to suffer damages, including losses of earnings and benefits, according to proof.

## SIXTH CAUSE OF ACTION
### Violations of Labor Code § 1102.5, *et seq.*—
### Against Defendants LABCORP, ESOTERIX,
### and Does 1 to 100, Inclusive

46.   The allegations set forth in paragraphs 1 through 45 are re-alleged and incorporated herein by reference.

47.   Defendants constructively terminated plaintiff's employment in violation of various fundamental public policies underlying both state and federal laws.  Specifically, plaintiff's employment was constructively terminated in part because of plaintiff's protected status (sex/gender) and because plaintiff engaged in protected activities.  These actions were in violation of FEHA and the California Constitution and California Labor Code section 1102.5.

48.   As a proximate result of defendants' wrongful constructive termination of plaintiff's employment in violation of fundamental public policies, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and

anguish, all to her damage in a sum according to proof.

49.   As a result of defendants' wrongful constructive termination of plaintiff's employment, plaintiff has suffered general and special damages in sums according to proof.

50.   Defendants' wrongful constructive termination of plaintiff's employment was done intentionally, in a malicious, oppressive, despicable and fraudulent manner, entitling plaintiff to punitive damages.

51.   Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Code of Civil Procedure sections 1021.5 and 1032, *et seq.,* plaintiff is entitled to recover reasonable attorneys' fees and costs in an amount according to proof.

## SEVENTH CAUSE OF ACTION

### Wrongful Constructive Termination of Employment in Violation of Public Policy (Labor Code § 1102.5, FEHA, Government Code § 12900, *et seq.*)— LABCORP, ESOTERIX, and Does 1 to 100, Inclusive

52.   The allegations set forth in paragraphs 1 through 51 are re-alleged and incorporated herein by reference.

53.   Defendants constructively terminated Plaintiff's employment in violation of various fundamental public policies underlying both state and federal laws.  Specifically, Plaintiff's employment was constructively terminated because Plaintiff was subjected to working conditions that violated public policy. Defendant intentionally and/or knowingly permitted these working conditions, which were so intolerable that a reasonable person in Plaintiff's position would have had no reasonable alternative except to resign. Plaintiff resigned because of these working conditions.

54.   As a proximate result of Defendants' wrongful constructive termination of Plaintiff's employment in violation of fundamental public policies, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and

anguish, all to her damage in a sum according to proof.

55.    As a result of Defendants' wrongful constructive termination of Plaintiff's employment, Plaintiff has suffered general and special damages in sums according to proof.

56.    Defendants' wrongful constructive termination of Plaintiff's employment was done intentionally, in a malicious, despicable, oppressive, fraudulent manner, entitling Plaintiff to punitive damages.

57.    Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Code of Civil Procedure sections 1021.5 and 1032, *et seq.,* Plaintiff is entitled to recover reasonable attorneys' fees and costs in an amount according to proof.

## EIGHTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress—
### Against All Defendants, and Does 1 to 100, Inclusive

58.    The allegations set forth in paragraphs 1 through 57 are re-alleged and incorporated herein by reference.

59.    Defendants' discriminatory, harassing, and retaliatory actions against plaintiff constituted severe and outrageous misconduct and caused plaintiff extreme emotional distress.

60.    Defendants were aware that treating plaintiff in the manner alleged above, including depriving plaintiff of a safe work environment, would devastate plaintiff and cause plaintiff extreme hardship.

61.    As a proximate result of defendants' extreme and outrageous conduct, plaintiff has suffered and continues to suffer severe emotional distress.  Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits as a result of being emotionally distressed.

62.    As a proximate result of defendants' extreme and outrageous conduct, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and

physical pain and anguish, all to her damage in a sum according to proof.

63.   Defendants' misconduct was committed intentionally, in a malicious, oppressive, fraudulent and despicable manner, entitling plaintiff to punitive damages against defendants.

## PRAYER

WHEREFORE, plaintiff, ASHLEY HERSHEY, prays for judgment against defendants as follows:

1.   For general and special damages according to proof;

2.   For exemplary damages, according to proof;

3.   For pre-judgment and post-judgment interest on all damages awarded;

4.   For reasonable attorneys' fees;

5.   For costs of suit incurred;

6.   For such other and further relief as the Court may deem just and proper.

ADDITIONALLY, plaintiff, ASHLEY HERSHEY, demands trial of this matter by jury.  The amount demanded exceeds $25,000.00 (Government Code § 72055).

Dated:  February 28, 2024          SHEGERIAN CONNIFF LLP

By: _____
Heather Conniff

Attorneys for Plaintiff,
ASHLEY HERSHEY

EXHIBIT 2

Heather Conniff, Esq. (State Bar Number 294153)
hc@shegerianconniff.com
Cortney Shegerian, Esq. (State Bar Number 296457)
cs@shegerianconniff.com
Levon Derkalousdian (State Bar Number 334658)
ld@shegerianconniff.com
**Shegerian Conniff LLP**
620 Newport Center Drive, Ste 380
Newport Beach, CA 92660
Telephone: (310) 322-7500
e-Fax: (844) 721-5217

Attorneys for Plaintiff,
ASHLEY HERSHEY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEY HERSHEY | Case No.: 2:24-cv-02651 SPG (MAAx) |
| Plaintiff, | The Honorable Sherilyn Peace Garnett Courtroom 5C |
| vs. | **PLAINTIFF ASHLEY HERSHEY'S PROOF OF SERVICE OF CHRISTIAN SANCHEZ** |
| LABORATORY CORPORATION OF AMERICA HOLDINGS, ESOTERIX, INC., CHRISTIAN SANCHEZ, and DOES 1 to 100, inclusive, | |
| Defendants. | |

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| Shegerian Conniff LLP<br>Heather Conniff SBN 294153<br>620 Newport Center Drive, Suite 380<br>Newport Beach, California 92660<br> TELEPHONE NO: (310) 322-7500   FAX NO *(Optional)*:<br> E-MAIL ADDRESS *(Optional)*: hc@shegerianconniff.com<br> ATTORNEY FOR *(Name)*: Plaintiff | |

| UNITED STATES DISTRICT COURT - CENTRAL DISTRICT OF CALIFORNIA | |
|---|---|
| STREET ADDRESS: 350 West 1st Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Los Angeles, CA 90012<br>BRANCH NAME: Central District | |

| PLAINTIFF / PETITIONER: Ashley Hershey<br>DEFENDANT / RESPONDENT: Laboratory Corporation of America Holdings, et al | CASE NUMBER:<br>2:24-cv-02651 SPG (MAAx) |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>10803897 (22604683) |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [X] Summons
   b. [X] Complaint
   c. [ ] Alternative Dispute Resolution (ADR) Package
   d. [ ] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] Cross-Complaint
   f. [ ] Other *(specify documents)*:
3. a. Party served *(specify name of party as shown on documents served)*:
      Christian Sanchez
   b. [ ] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:

4. Address where the party was served:
   13535 Valerio St. Apt. 145, Van Nuys, CA 91405
5. I served the party *(check proper box)*
   a. [ ] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*:           (2) at *(time)*:
   b. [X] **by substituted service.** On *(date)*: Thu, Apr 11 2024      at *(time)*: 07:23 PM      I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:
      "John Doe" (18-20s/M/Hisp/150-160/5'9/Black H/Brown E), Resident
      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) [X] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:
         from *(city)*:                         or [X] a declaration of mailing is attached.
      (5) [X] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| PLAINTIFF / PETITIONER:   Ashley Hershey | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT:   Laboratory Corporation of America Holdings, et al | 2:24-cv-02651 SPG (MAAx) |

5.  c.  ☐  **by mail and acknowledgment of receipt of service**. I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1)  on *(date)*:                                      (2)  from *(city)*:

(3)  ☐  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgment of Receipt.)* (Code Civ. Proc., § 415.30.)

(4)  ☐  to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d.  ☐  **by other means** *(specify means of service and authorizing code section)*:

☐  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:

a.  ☒  as an individual defendant.

b.  ☐  as the person sued under the fictitious name of *(specify)*:

c.  ☐  as occupant.

d.  ☐  On behalf of *(specify)*:

under the following Code of Civil Procedure section:

☐  416.10 (corporation)                       ☐  415.95 (business organization, form unknown)

☐  416.20 (defunct corporation)               ☐  416.60 (minor)

☐  416.30 (joint stock company/association)   ☐  416.70 (ward or conservatee)

☐  416.40 (association or partnership)        ☐  416.90 (authorized person)

☐  416.50 (public entity)                     ☐  415.46 (occupant)

☐  other:

7.  **Person who served papers**

a.  Name:                Colin Chapman

b.  Address:             1400 N McDowell Blvd, Suite 300, Petaluma, CA  94954

c.  Telephone number:    800-938-8815

d.  **The fee** for service was:    $110.00

e.  I am:

(1)  ☐  not a registered California process server.

(2)  ☐  exempt from registration under Business and Professions Code section 22350(b).

(3)  ☒  a registered California process server:

(i)   ☐ owner  ☐ employee  ☒ independent contractor

(ii)  Registration No:  2023125025

(iii) County:   Los Angeles

8.  ☒  **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

or

9.  ☐  **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date:   April 12, 2024

Colin Chapman
_____
(NAME OF PERSON WHO SERVED PAPERS / SHERIFF OR MARSHAL)

InfoTrack US, Inc. - P000634
1400 N McDowell Blvd, Suite 300
Petaluma, CA  94954
800-938-8815

_____
(SIGNATURE)

MC-031

| PLAINTIFF / PETITIONER: Ashley Hershey | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT: Laboratory Corporation of America Holdings, et al | 24STCV05027 |

### DECLARATION OF DILIGENCE
(This form must be attached to another form or court paper before it can be filed in court.)

Party Served: Christian Sanchez

1) Unsuccessful Attempt: Apr 6, 2024, 12:00 pm PDT at Home: 13535 Valerio St. Apt. 145, Van Nuys, CA 91405

*Upon arrival I gained access to the subjects apt and knocked on the door but never got a response. I could partially see inside through the window next to the front door but never saw anyone and was unable to get an answer from anybody. Unsuccessful attempt.*

2) Unsuccessful Attempt: Apr 6, 2024, 6:45 pm PDT at Home: 13535 Valerio St. Apt. 145, Van Nuys, CA 91405

*Upon arrival this time I was unable to gain access to the subjects apt. I waited around for a few minutes to see if I could catch any cars entering the complex or someone leaving but never saw anyone. Unsuccessful attempt.*

3) Unsuccessful Attempt: Apr 10, 2024, 12:30 pm PDT at Home: 13535 Valerio St. Apt. 145, Van Nuys, CA 91405

*Upon arrival after waited around for a few minutes I was able to gain access from another nearby resident in the complex. I made my way to the subjects front door and this time tried waking around this apt to see if I could observe any movement inside through the windows but never saw anyone. When I knocked on the door I also didn't get a response. I couldn't hear any movement inside. Unsuccessful attempt.*

4) Successful Attempt: Apr 11, 2024, 7:23 pm PDT at Home: 13535 Valerio St. Apt. 145, Van Nuys, CA 91405 received by "John Doe" (18-20s/M/Hisp/150-160/5'9/Black H/Brown E). Age: 18-20s; Ethnicity: Hispanic; Gender: Male; Weight: 150-160lbs; Height: 5'9"; Hair: Black; Eyes: Brown; Relationship: Resident; Other: Sub Served: John Doe H/M/18-20s/150-160lbs/5'9'/Bla.h/Bro.e 4/11/24 @ 7:23PM

*Documents sub served to John Doe, member of the household who accepted service.*

**I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.**

Date:   April 12, 2024

Colin Chapman

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF DECLARANT)

☐ Attorney for   ☐ Plaintiff   ☐ Petitioner   ☐ Defendant
☐ Respondent   ☒ Other *(Specify):* Process Server

MC-031

| PLAINTIFF / PETITIONER: Ashley Hershey | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT: Laboratory Corporation of America Holdings, et al | 24STCV05027 |

## DECLARATION OF MAILING
(This form must be attached to another form or court paper before it can be filed in court.)

I am a citizen of the United States, over the age of 18 and not a party to the within action. My business address is 1400 N McDowell Blvd, Suite 300, Petaluma, CA  94954.

On 4/12/2024, after substituted service under section CCP 415.20(a) or 415.20(b) or FRCP 4(e)(2)(B) or FRCP 4(h)(1)(B) was made (if applicable), I mailed copies of the:

Complaint, Summons

to the person to be served at the place where the copies were left by placing a true copy thereof enclosed in a sealed envelope, with First Class postage thereon fully prepaid, in the United States Mail at Fairfax, CA, addressed as follows:

Christian Sanchez
13535 Valerio St., Apt. 145
Van Nuys, CA 91405.

**I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.**

Date:   4/12/2024

Ashley David
_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF DECLARANT)

☐ Attorney for      ☐ Plaintiff      ☐ Petitioner      ☐ Defendant
☐ Respondent      ☒ Other *(Specify):* InfoTrack US, Inc.

---

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Shegerian Conniff LLP<br>Heather Conniff SBN 294153<br>620 Newport Center Drive, Suite 380<br>Newport Beach, California 92660<br>　　　　TELEPHONE NO:  (310) 322-7500　　　　FAX NO *(Optional)*:<br>　　E-MAIL ADDRESS *(Optional)*:  hc@shegerianconniff.com<br>　　ATTORNEY FOR *(Name)*:  Plaintiff | *FOR COURT USE ONLY* |
|---|---|

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF　Los Angeles |
|---|
| 　STREET ADDRESS:  111 N. Hill Street |
| 　MAILING ADDRESS: |
| 　CITY AND ZIP CODE:  Los Angeles, 90012-3117 |
| 　BRANCH NAME:  Central District |

| PLAINTIFF / PETITIONER:  Ashley Hershey<br>DEFENDANT / RESPONDENT:  Laboratory Corporation of America Holdings, et al | CASE NUMBER:<br>24STCV05027 |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>10803897 (22604683) |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☒ Summons
   b. ☒ Complaint
   c. ☐ Alternative Dispute Resolution (ADR) Package
   d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ Cross-Complaint
   f. ☐ Other *(specify documents)*:
3. a. Party served *(specify name of party as shown on documents served)*:
      Christian Sanchez
   b. ☐ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:

4. Address where the party was served:
   13535 Valerio St. Apt. 145, Van Nuys, CA 91405
5. I served the party *(check proper box)*
   a. ☐ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*:　　　　　　　　　(2) at *(time)*:
   b. ☒ **by substituted service.** On *(date)*:　Thu, Apr 11 2024　　　　at *(time)*:　07:23 PM　　I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:
      "John Doe" (18-20s/M/Hisp/150-160/5'9/Black H/Brown E), Resident
      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) ☒ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:
         from *(city)*:　　　　　　　　　　　or ☒ a declaration of mailing is attached.
      (5) ☒ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| | |
|---|---|
| PLAINTIFF / PETITIONER:   Ashley Hershey | CASE NUMBER: |
| DEFENDANT / RESPONDENT:   Laboratory Corporation of America Holdings, et al | 24STCV05027 |

5.   c.   ☐   **by mail and acknowledgment of receipt of service**. I mailed the documents listed in item 2 to the party, to the address shown in item 4, by
       first-class mail, postage prepaid,

       (1)   on *(date)*:                                                          (2)   from *(city)*:

       (3)   ☐   with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach
              completed Notice and Acknowledgment of Receipt.)* (Code Civ. Proc., § 415.30.)

       (4)   ☐   to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

     d.   ☐   **by other means** *(specify means of service and authorizing code section)*:


            ☐   Additional page describing service is attached.

6.   The "Notice to the Person Served" (on the summons) was completed as follows:

     a.   ☒   as an individual defendant.
     b.   ☐   as the person sued under the fictitious name of *(specify)*:
     c.   ☐   as occupant.
     d.   ☐   On behalf of *(specify)*:
            under the following Code of Civil Procedure section:

            ☐   416.10 (corporation)                          ☐   415.95 (business organization, form unknown)
            ☐   416.20 (defunct corporation)                  ☐   416.60 (minor)
            ☐   416.30 (joint stock company/association)      ☐   416.70 (ward or conservatee)
            ☐   416.40 (association or partnership)           ☐   416.90 (authorized person)
            ☐   416.50 (public entity)                        ☐   415.46 (occupant)
            ☐   other:

7.   **Person who served papers**
     a.   Name:              Colin Chapman
     b.   Address:           1400 N McDowell Blvd, Suite 300, Petaluma, CA  94954
     c.   Telephone number:  800-938-8815
     d.   **The fee** for service was:   $110.00
     e.   I am:
            (1)   ☐   not a registered California process server.
            (2)   ☐   exempt from registration under Business and Professions Code section 22350(b).
            (3)   ☒   a registered California process server:
                   (i)    ☐ owner   ☐ employee   ☒ independent contractor
                   (ii)   Registration No:   2023125025
                   (iii)  County:   Los Angeles

8.   ☒   **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

           or

9.   ☐   **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.


Date:   April 12, 2024

Colin Chapman
_____
     (NAME OF PERSON WHO SERVED PAPERS / SHERIFF OR MARSHAL)

InfoTrack US, Inc. - P000634
1400 N McDowell Blvd, Suite 300
Petaluma, CA  94954
800-938-8815

_____
                                    (SIGNATURE)

MC-031

| PLAINTIFF / PETITIONER: Ashley Hershey | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT: Laboratory Corporation of America Holdings, et al | 24STCV05027 |

## DECLARATION OF DILIGENCE
(This form must be attached to another form or court paper before it can be filed in court.)

Party Served: Christian Sanchez

1) Unsuccessful Attempt: Apr 6, 2024, 12:00 pm PDT at Home: 13535 Valerio St. Apt. 145, Van Nuys, CA 91405

   *Upon arrival I gained access to the subjects apt and knocked on the door but never got a response. I could partially see inside through the window next to the front door but never saw anyone and was unable to get an answer from anybody. Unsuccessful attempt.*

2) Unsuccessful Attempt: Apr 6, 2024, 6:45 pm PDT at Home: 13535 Valerio St. Apt. 145, Van Nuys, CA 91405

   *Upon arrival this time I was unable to gain access to the subjects apt. I waited around for a few minutes to see if I could catch any cars entering the complex or someone leaving but never saw anyone. Unsuccessful attempt.*

3) Unsuccessful Attempt: Apr 10, 2024, 12:30 pm PDT at Home: 13535 Valerio St. Apt. 145, Van Nuys, CA 91405

   *Upon arrival after waited around for a few minutes I was able to gain access from another nearby resident in the complex. I made my way to the subjects front door and this time tried waking around this apt to see if I could observe any movement inside through the windows but never saw anyone. When I knocked on the door I also didn't get a response. I couldn't hear any movement inside. Unsuccessful attempt.*

4) Successful Attempt: Apr 11, 2024, 7:23 pm PDT at Home: 13535 Valerio St. Apt. 145, Van Nuys, CA 91405 received by "John Doe" (18-20s/M/Hisp/150-160/5'9/Black H/Brown E). Age: 18-20s; Ethnicity: Hispanic; Gender: Male; Weight: 150-160lbs; Height: 5'9"; Hair: Black; Eyes: Brown; Relationship: Resident; Other: Sub Served: John Doe H/M/18-20s/150-160lbs/5'9'/Bla.h/Bro.e 4/11/24 @ 7:23PM

   *Documents sub served to John Doe, member of the household who accepted service.*


**I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.**


Date:   April 12, 2024

Colin Chapman

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF DECLARANT)


☐ Attorney for      ☐ Plaintiff      ☐ Petitioner      ☐ Defendant
☐ Respondent      ☒ Other *(Specify):* Process Server

MC-031

| PLAINTIFF / PETITIONER: Ashley Hershey | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT: Laboratory Corporation of America Holdings, et al | 24STCV05027 |

## DECLARATION OF MAILING
(This form must be attached to another form or court paper before it can be filed in court.)

I am a citizen of the United States, over the age of 18 and not a party to the within action. My business address is 1400 N McDowell Blvd, Suite 300, Petaluma, CA  94954.

On 4/12/2024, after substituted service under section CCP 415.20(a) or 415.20(b) or FRCP 4(e)(2)(B) or FRCP 4(h)(1)(B) was made (if applicable), I mailed copies of the:

Complaint, Summons

to the person to be served at the place where the copies were left by placing a true copy thereof enclosed in a sealed envelope, with First Class postage thereon fully prepaid, in the United States Mail at Fairfax, CA, addressed as follows:

Christian Sanchez
13535 Valerio St., Apt. 145
Van Nuys, CA 91405.

**I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.**

Date:   4/12/2024

Ashley David
_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF DECLARANT)

| | | | |
|---|---|---|---|
| ☐ Attorney for | ☐ Plaintiff | ☐ Petitioner | ☐ Defendant |
| ☐ Respondent | ☒ Other *(Specify):* InfoTrack US, Inc. | | |

# EXHIBIT 3

**Wednesday, May 1, 2024 at 13:12:48 Pacific Daylight Time**

| | |
|---|---|
| **Subject:** | RE: Hershey/Labcorp - Notice of Removal |
| **Date:** | Wednesday, May 1, 2024 at 11:50:29 AM Pacific Daylight Time |
| **From:** | Zohrabians, Vannie |
| **To:** | Levon Derkalousdian |
| **CC:** | Rejali, Saman, Kondon, Christopher J., Cortney Shegerian, Heather Conniff, Aida Potikyan, Kira Conniff, Emily Conniff |
| **Attachments:** | image001.jpg, image002.png, image003.png, image004.png, image005.png, image006.png, [2024-05-01] Worksheet (Hershey)(318526789.1).pdf, [2024-05-01] Joint 26(f) Report (Hershey)(318526405.1).docx |

Levon,

It was nice speaking with you yesterday. Please see attached draft Joint 26(f) Report for your review. We are looking into the proposed mediators below and we will get back to you shortly.

Best,

Vannie Zohrabians
Associate
K&L Gates LLP | (310) 552-5036

**From:** Levon Derkalousdian <ld@ShegerianConniff.com>
**Sent:** Tuesday, April 30, 2024 6:44 PM
**To:** Zohrabians, Vannie <Vannie.Zohrabians@klgates.com>
**Cc:** Rejali, Saman <saman.rejali@klgates.com>; Kondon, Christopher J. <Christopher.Kondon@klgates.com>; Cortney Shegerian <cs@ShegerianConniff.com>; Heather Conniff <hc@ShegerianConniff.com>; Aida Potikyan <ap@ShegerianConniff.com>; Kira Conniff <kc@ShegerianConniff.com>; Emily Conniff <EC@ShegerianConniff.com>
**Subject:** Re: Hershey/Labcorp - Notice of Removal

Hi Vannie,

It was nice speaking with you. I'll look out for the Rule 26(f) Report – thanks for taking point on that.

Regarding the stipulation to remand, Defendant will not stipulate. We will file our motion to remand.

We also discussed mediation and it looks like we are on the same page. We agreed whether we will stay discovery will depend on the date of mediation. If we can confirm a date in the next month or two, then we will stay discovery. However, if mediation won't be until a few months out, then we will conduct an initial round of written discovery and key depositions in the meantime. Additionally, Plaintiff will provide an opening demand 30 days before the mediator's cancellation deadline.

We propose the following mediators:
1. Hon. Richard Stone
2. Gig Kyriacou
3. Hon. Louis Meisinger

Best,



**LEVON DERKALOUSDIAN, ESQ.**
Senior Associate

📞 310-322-7500

✉ Ld@ShegerianConniff.com

🏢 25550 Hawthorne Blvd. **Suite 209**

Torrance, California 90505
**\*\*\*Please note our new suite number\*\*\***

**From:** Levon Derkalousdian <ld@ShegerianConniff.com>
**Date:** Monday, April 29, 2024 at 5:18 PM
**To:** Zohrabians, Vannie <Vannie.Zohrabians@klgates.com>
**Cc:** Rejali, Saman <saman.rejali@klgates.com>, Kondon, Christopher J. <Christopher.Kondon@klgates.com>, Cortney Shegerian <cs@ShegerianConniff.com>, Heather Conniff <hc@ShegerianConniff.com>, Aida Potikyan <ap@ShegerianConniff.com>, Kira Conniff <kc@ShegerianConniff.com>, Emily Conniff <EC@ShegerianConniff.com>
**Subject:** Re: Hershey/Labcorp - Notice of Removal

Hi Vannie,

Tomorrow works. I'll be in a depo but can call you during one of my breaks after 1pm.

What's the best number to reach you on?

Best,



**LEVON DERKALOUSDIAN, ESQ.**
Senior Associate

📞 310-322-7500

✉ Ld@ShegerianConniff.com

🏢 25550 Hawthorne Blvd. **Suite 209**

Torrance, California 90505
**\*\*\*Please note our new suite number\*\*\***

**From:** Zohrabians, Vannie <Vannie.Zohrabians@klgates.com>
**Date:** Friday, April 26, 2024 at 3:51 PM
**To:** Levon Derkalousdian <ld@ShegerianConniff.com>
**Cc:** Rejali, Saman <saman.rejali@klgates.com>, Kondon, Christopher J. <Christopher.Kondon@klgates.com>, Cortney Shegerian <cs@ShegerianConniff.com>, Heather Conniff <hc@ShegerianConniff.com>, Aida Potikyan <ap@ShegerianConniff.com>, Kira Conniff <kc@ShegerianConniff.com>, Emily Conniff <EC@ShegerianConniff.com>
**Subject:** RE: Hershey/Labcorp - Notice of Removal

Hi Levon,

I'm available on Monday after 12 pm and Tuesday after 1 pm for a call. Please let me know what time works best for you.

Best,

Vannie Zohrabians
Associate
K&L Gates LLP | (310) 552-5036

---

**From:** Levon Derkalousdian <ld@ShegerianConniff.com>
**Sent:** Friday, April 26, 2024 12:47 PM
**To:** Zohrabians, Vannie <Vannie.Zohrabians@klgates.com>
**Cc:** Rejali, Saman <saman.rejali@klgates.com>; Kondon, Christopher J. <Christopher.Kondon@klgates.com>; Cortney Shegerian <cs@ShegerianConniff.com>; Heather Conniff <hc@ShegerianConniff.com>; Aida Potikyan <ap@ShegerianConniff.com>; Kira Conniff <kc@ShegerianConniff.com>; Emily Conniff <EC@ShegerianConniff.com>
**Subject:** Re: Hershey/Labcorp - Notice of Removal

Vannie,

Following up on the below. When are you available for a call to discuss?

Best,



**LEVON DERKALOUSDIAN, ESQ.**

Senior Associate

📞 310-322-7500

✉ Ld@ShegerianConniff.com

🏢 25550 Hawthorne Blvd. **Suite 209**

**ShegerianConniff** LLP
Torrance, California 90505
***Please note our new suite number***

---

**From:** Levon Derkalousdian <ld@ShegerianConniff.com>
**Date:** Tuesday, April 23, 2024 at 11:06 AM
**To:** Zohrabians, Vannie <Vannie.Zohrabians@klgates.com>
**Cc:** Rejali, Saman <saman.rejali@klgates.com>, Kondon, Christopher J. <Christopher.Kondon@klgates.com>, Cortney Shegerian <cs@ShegerianConniff.com>, Heather Conniff <hc@ShegerianConniff.com>, Aida Potikyan <ap@ShegerianConniff.com>, Kira Conniff <kc@ShegerianConniff.com>, Emily Conniff <EC@ShegerianConniff.com>
**Subject:** Re: Hershey/Labcorp - Notice of Removal

Hi Vannie,

Please see attached. We have served the individual defendant, Christian Sanchez, who lives in California, and filed it in both state and federal court. This destroys complete diversity. Please let me know if you will stipulate to remand.

We had this same exact issue in another case recently, *Mendez v. UPS*. The Defendant removed the case before we had a chance to serve the forum defendant. Once we served the forum defendant, it destroyed diversity and the Court remanded the case. Please see attached order.

Please let me know by the end of this week if Defendant will stipulate. Otherwise, we will file our motion to remand.

Best,



**LEVON DERKALOUSDIAN, ESQ.**
Senior Associate

📞 310-322-7500

✉ Ld@ShegerianConniff.com

🏢 25550 Hawthorne Blvd. **Suite 209**
Torrance, California 90505
***Please note our new suite number***

---

**From:** Zohrabians, Vannie <Vannie.Zohrabians@klgates.com>
**Date:** Monday, April 1, 2024 at 9:24 PM
**To:** Heather Conniff <hc@ShegerianConniff.com>, Cortney Shegerian

<cs@ShegerianConniff.com>, Levon Derkalousdian <ld@ShegerianConniff.com>
**Cc:** Rejali, Saman <saman.rejali@klgates.com>, Kondon, Christopher J.
<Christopher.Kondon@klgates.com>
**Subject:** Hershey/Labcorp - Notice of Removal

Counsel,

Please see attached:

- LABORATORY CORPORATION OF AMERICA HOLDINGS AND ESOTERIX, INC.'S NOTICE TO ADVERSE PARTY OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT
- LABORATORY CORPORATION OF AMERICA HOLDINGS AND ESOTERIX, INC.'S NOTICE TO SUPERIOR COURT OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

Best,
Vannie Zohrabians



**Vannie Zohrabians**
Associate
K&L Gates LLP
10100 Santa Monica Blvd., 8th Floor
Los Angeles, CA 90067
Phone: (310) 552-5036
vannie.zohrabians@klgates.com
www.klgates.com

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only.  If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Vannie.Zohrabians@klgates.com.

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only.  If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Vannie.Zohrabians@klgates.com.

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only.  If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Vannie.Zohrabians@klgates.com.

# EXHIBIT 4

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ITZEL MENDEZ, | Case No. 2:23-cv-10618-SB-MRW |
| Plaintiff, |  |
| v. | ORDER REMANDING CASE TO STATE COURT |
| UNITED PARCEL SERVICE INC. et al., |  |
| Defendants. |  |

Plaintiff Itzel Mendez, a California citizen, filed a complaint in this employment discrimination case against Defendants United Parcel Service, Inc. (UPS) and Angel Last Name Unknown in Los Angeles County Superior Court on November 17, 2023. UPS, a citizen of Ohio and Georgia, removed the case asserting diversity jurisdiction on December 19, 2023. Dkt. No. 1. On January 12, 2024, Plaintiff served Angel Chacon, previously identified as Angel Last Name Unknown, at his California residence. Plaintiff now moves to remand. Dkt. No. 14. The Court finds this matter suitable for decision without oral argument and vacates the February 9, 2024 motion hearing. Fed. R. Civ. P. 78; L.R. 7-15.

Federal courts have subject-matter jurisdiction only over matters authorized by the U.S. Constitution and Congress. *See e.g.*, *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). This Court has a duty to assess whether federal subject-matter jurisdiction exists and may consider the issue sua sponte at any stage of the proceedings. *See Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1093 (9th Cir. 2004); *see also Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) (recognizing that "Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case").

1

A federal district court has original jurisdiction over a civil action when there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Complete diversity means that each of the plaintiffs must be a citizen of a different state than each of the defendants. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

Plaintiff asserts in her motion to remand that this Court lacks jurisdiction because she and Chacon are both California citizens. Dkt. No. 14. In the parties Joint Rule 26 report, UPS stated that it "does not oppose remanding this matter to state court." Dkt. No. 13. UPS also stated that it intends to file a notice of non-opposition to Plaintiff's motion to remand. *Id.* Because it appears that this Court lacks jurisdiction, and in light of UPS's nonopposition, the Court hereby remands this case to the Los Angeles County Superior Court.

Date: January 18, 2024

_____

Stanley Blumenfeld, Jr.
United States District Judge

HERSHEY v. LABORATORY CORPORATION OF AMERICA HOLDINGS., et al.     CASE NO.: 2:24-cv-02651 SPG (MAAx)

# PROOF OF SERVICE

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

I am an employee in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 620 Newport Center Drive, Ste 380, Newport Beach, CA 92660.

On May 1, 2024, I served the foregoing document, described as **"PLAINTIFF ASHLEY HERSHEY'S NOTICE OF MOTION AND MOTION TO REMAND TO LOS ANGELES COUNTY SUPERIOR COURT PURSUANT TO 28 U.S.C. § 1446(B) A; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF LEVON DERKALOUSDIAN AND EXHIBITS IN SUPPORT THEREOF"** on all interested parties in this action by placing a true copy thereof in a sealed envelope, addressed as follows:

Zohrabians, Vannie
Vannie.Zohrabians@klgates.com
Rejali, Saman
saman.rejali@klgates.com
Kondon, Christopher J.
Christopher.Kondon@klgates.com

K&L Gates LLP
10100 Santa Monica Blvd., 8th Floor
Los Angeles, CA 90067
Phone: (310) 552-5036

☒ **(BY ELECTRONIC MAIL)**  I sent such document via electronic mail to the e-mail addresses noted above.

☒ **(STATE)**   I declare, under penalty of perjury under the laws of the State of California, that the above is true and correct.

Executed on May 1, 2024, at Newport Beach, California.

_____
Kira Conniff

---

PROOF OF SERVICE