1
2
3
4
5                                              JS-6
6
7
8                    UNITED STATES DISTRICT COURT
9                    CENTRAL DISTRICT OF CALIFORNIA
10
11   ASHLEY HERSHEY,                    Case No. 2:24-cv-02651 SPG (MAAx)
                        Plaintiff,
12            v.                        **ORDER GRANTING PLAINTIFF'S**
                                        **MOTION TO REMAND [ECF NO. 12]**
13   LABORATORY CORPORATION OF
     AMERICA HOLDINGS, ESOTERIX,
14   INC., CHRISTIAN SANCHEZ, and DOES
     1 through 100, inclusive,
15
16                      Defendants.
17
18
19          Before the Court is Plaintiff Ashley Hershey's ("Plaintiff") motion to remand this
20   action to the Superior Court of California for the County of Los Angeles.  (ECF No. 12
21   ("Mot.")).  Defendants oppose.  (ECF No. 16 ("Opp.")).  Having considered the parties'
22   submissions, the relevant law, and the record in this case, the Court finds pursuant to Fed.
23   R. Civ. P. 78(b) and C. D. Cal. L. R. 7-15 that the matter is suitable for resolution without
24   oral argument.  For the reasons stated below, the Court **GRANTS** Plaintiff's Motion to
25   Remand.
26
27
28

## I.     BACKGROUND

On February 28, 2024, Plaintiff filed her complaint in the Superior Court of California for the County of Los Angeles for violations of California's anti-harassment and sexual discrimination laws.  (ECF No. 1-1).  On April 1, 2024, Defendants Laboratory Corporation of America Holdings and Esoterix, Inc. ("Defendants") timely removed this action pursuant to 28 U.S.C. § 1441.  (ECF No. 1 ("NOR")).  Plaintiff then filed the instant Motion.  (Mot.).[1]  Defendants opposed.  (Opp.).

## II.    LEGAL STANDARD

Federal courts are courts of limited jurisdiction, with subject-matter jurisdiction only over matters authorized by the Constitution and Congress.  *See* U.S. Const. art. III, § 2, cl. 1; *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  Federal courts have original jurisdiction where an action presents a federal question under 28 U.S.C. § 1331 or there is diversity jurisdiction under 28 U.S.C. § 1332.  Courts have diversity jurisdiction over cases where there is complete diversity of parties and the amount "in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. . . ."  28 U.S.C. § 1332(a).

A defendant may remove an action to federal court based on diversity jurisdiction "provided that no defendant 'is a citizen of the State in which such action is brought.'" *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (quoting 28 U.S.C. § 1441(b)); *see also Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 679 (9th Cir. 2006) (the presence "of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." (citations omitted)).  An individual is a citizen of the state where he or she is domiciled, meaning the state where the individual

---

[1] Plaintiff filed her Motion on May 1, 2024.  On May 28, 2024, the Court communicated via the docket that the accompanying PDF file was corrupted.  (ECF No. 20).  The Court ordered Plaintiff to refile her Motion as a "supplemental brief," which is lodged at ECF No. 21.  The Court is therefore basing its Order on the supplemental filing.  For ease of reference and clarity, however, the Court still refers to the originally docketed Motion.

1   resides and intends to remain or to which the individual intends to return. *Kanter v.*
2   *Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

3          The removal statute is strictly construed against removal jurisdiction. *See Shamrock*
4   *Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941). There is a "strong presumption"
5   against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the
6   right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992)
7   (citation omitted). "The presumption against removal means that 'the defendant always
8   has the burden of establishing that removal is proper.'" *Moore-Thomas v. Alaska Airlines,*
9   *Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (quoting *Gaus*, 980 F.2d at 566). Courts resolve
10  any doubt about the right of removal in favor of remand. *Grancare, LLC v. Thrower by &*
11  *through Mills*, 889 F.3d 543, 550 (9th Cir. 2018).

12  **III.   DISCUSSION**

13         Plaintiff asserts that "diversity does not exist between the parties in this case
14  [because] Plaintiff and individual defendant, Christian Sanchez ("Sanchez"), are both
15  citizens of California." (Mot. at 3). There is no disagreement that individual defendant
16  Sanchez ("forum defendant") is a citizen of California, nor do the parties contest that the
17  amount in controversy exceeds $75,000. *See* (ECF No. 12, Exh. 2). Nor, indeed, do the
18  parties contest that Plaintiff is a citizen of California. (ECF No. 1 at 3). Invoking the
19  "forum defendant" rule codified at 28 U.S.C. § 1441(b)(2), Defendants argue that this
20  Court nonetheless has diversity jurisdiction because nondiverse defendant Sanchez was not
21  "properly joined and served" at the time of removal. (ECF No. 1 at 5).[2] Because defendant
22  Sanchez was served *after* Defendants removed to federal court, the forum defendant rule
23  fails to have application. The question presented is, then, whether Defendants can avoid
24  the forum defendant rule by removing the case before the non-diverse defendant – here,

25  ─────────────────────

26  [2] Section 1441(b)(2) reads, in full: "A civil action otherwise removable solely on the basis
27  of the jurisdiction under section 1332(a) of this title may not be removed if any of the
    parties in interest properly joined and served as defendants is a citizen of the State in which
28  the action is brought."

the forum defendant – was served with the complaint.  Courts sometimes refer to this procedure as "snap removal."

It has often been remarked that Congress authorized removal to protect out-of-state defendants from having to defend in a plaintiff's (presumably sympathetic) local courts. *See, e.g.,* Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Juris. § 3601 (3d ed.).  Consistent with this principle, the forum defendant rule, codified at § 1441(b)(2), prohibits removal based on diversity jurisdiction when a defendant, who has been "properly joined and served," is a citizen of the state in whose court the action originated.  Violation of the forum defendant rule is considered a non-jurisdictional defect, which is waived if a plaintiff does not seek remand on that basis within 30 days of removal.  *Lively v. Wild Oats Mkts., Inc.*, 456 F.3d 933, 936 (9th Cir. 2006); *see* 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after filing the notice of removal….").

Whether pre-service snap removals are permissible under Section 1441(b)(2) is an open question in the Ninth Circuit.  Indeed, between the Notice of Removal in this Case and the filing of Plaintiff's Motion, the Ninth Circuit made clear that the permissibility of "pre-service snap removals" is yet to be decided in this Circuit.  *Casola v. Dexcom, Inc.*, 98 F.4th 947, 964 (9th Cir. 2024).  In fact, the Court in *Casola* implicitly endorsed the current regime of snap removal within the Ninth Circuit—namely, that "snap removal remains an available option for defendants at least *in some district courts in California* …." (*Id.* at 962) (emphasis added).  In the absence of clear appellate resolution, district courts have divided into two camps, some favoring removal and others favoring remand.  Briefly, the "pro-removal courts hold that the clear and unambiguous language of the statute only prohibits removal after a properly joined forum defendant has been served."  *Regal Stone Ltd. v. Longs Drug Stores California, L.L.C.*, 881 F. Supp. 2d 1123, 1127 (N.D. Cal. 2012).  By contrast, "the pro-remand courts also read the removal statutes to be clear and unambiguous, but they have held that courts must look past the statutes' plain language to effectuate congressional intent."  (*Id.*); *see also, Mohammed v. Watson Pharms. Inc.*, 2009

-4-

WL 857517, at *4 (C.D. Cal. Mar. 26, 2009) ("The Court agrees with Plaintiffs that if the purpose behind the statute is to prevent procedural gamesmanship by plaintiffs through improper joinder, a literal interpretation of the 'joined and served' provision that promotes such gamesmanship by defendants [by] allowing removal before a plaintiff has a meaningful chance to serve any defendant both undermines the general purpose of the forum defendant rule (i.e., to keep certain cases in state court) and inappropriately prevents plaintiffs from litigating in the forum of their choice.")

Speaking generally, district courts have coalesced within judicial districts to, among other things, not "disrupt the settled expectations of litigants" within the relevant judicial district. *Regal Stone Ltd.*, 881 F.Supp. 2d at 1128; *see also*, *U.S. Bank Nat'l Ass'n v. Pac. Life Ins. Co.*, 2023 WL 8890832, at *4 (C.D. Cal. Dec. 21, 2023) ("The court observes that the weight of the case law in this District militates against Defendant's proposed interpretation of the forum defendant rule…."). Because this Court does not seek to disrupt the settled expectations of litigants within this District and because courts in this District have favored remand in like cases, this Court finds that remand is here appropriate. *See Black v. Monster Beverage Corp.*, 2016 WL 81474, at *4 (C.D. Cal. Jan. 7, 2016) ("[T]the literal meaning of the words "joined and served" does not control here. A contrary ruling would incentivize sophisticated forum defendants to monitor court dockets and remove actions before any service could occur."); *Mass. Mut. Life Ins. Co. v. Mozilo*, 2012 WL 11047336, at *2 (C.D. Cal. June 28, 2012) (rejecting such an interpretation of Section 1441(b)(2) because it would "eviscerate the purpose of the forum defendant rule") (citation omitted); *Khashan v. Ghasemi*, 2010 WL 1444884, at *3 (C.D. Cal. Apr. 5, 2010) (holding that "[f]ailure to comply with the forum defendant rule renders [a] removal procedurally defective" making remand appropriate); and *U.S. Bank Nat'l Ass'n v. Pac. Life Ins. Co.*, 2023 WL 8890832, at *4 (C.D. Cal. Dec. 21, 2023) ("The court disagrees with Defendant that its "snap removal" avoids application of the forum defendant rule.")

Because forum defendant Sanchez is a citizen of the forum state, Plaintiff has timely moved to remand, and Plaintiff has not waived this procedural defect, the Court finds that remand is required under 28 U.S.C. § 1441(b)(2).

**IV.  CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to Remand.  The Court remands this action to Los Angeles County Superior Court for all further proceedings.

**IT IS SO ORDERED.**

DATED:  June 11, 2024

HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE